

U.S. Department of Justice
Billy J. Williams
Acting United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600   (503) 727-1000
Portland, OR 97204-2902   Fax (503) 727-1117

AUSA Ryan W. Bounds   Desk (503) 727-1141

August 20, 2015

Christopher J. Schatz, Esq.
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

Re: *United States v. Tiairre Travonne Chaney* CR15-324-BR
    Pre-indictment plea offer

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to waive indictment and to plead guilty to Count One of the Information to be filed in this case, charging her with wire fraud in violation of 18 U.S.C. § 1343.

3. **Penalties**: The maximum sentence for the offense charged in the Information is 20 years' imprisonment, a fine of $250,000 (or twice the victim's gross losses, whichever is greater), and 3 years of supervised release, in addition to a mandatory $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of sentencing or to explain to the Court why this cannot be done.

4. **No Prosecution on Other Charges**: The USAO agrees to forgo any additional charges against defendant in the District of Oregon arising out of this investigation, insofar as the grounds for such charges are known to the USAO as of the date and time of this letter.

5. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.  **Relevant Conduct and Sentencing Guideline Calculation**: The parties agree that defendant's relevant conduct involved her knowing transmission of communications, to wit, IRS Forms 1040A and 8812 and Schedules EIC, by wire in interstate commerce for the purpose of obtaining money or property by means of false or fraudulent pretenses, resulting in the IRS's loss of $155,670 in unwarranted refunds and an adjusted offense level of 17 pursuant to USSG § 2B1.1(a)(1) and (b)(1)(F).

7.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that she fully admits and accepts responsibility under USSG § 3E1.1 for her unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in her offense level pursuant to USSG § 3E1.1. In addition, the USAO will recommend an additional one-level reduction in defendant's offense level in light of her agreement to waive indictment, all additional discovery, and any further motions and to accept liability for restitution for and refunds remitted to third parties.

    The USAO reserves the right to change these recommendations if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.  **Stipulated Low-End Recommendation**: If defendant enters a timely plea of guilty to Count One of the Information and accepts responsibility as described in paragraph 7, *supra*, the government will join with defendant in stipulating to the imposition of a sentence at the low end of the advisory Sentencing Guidelines range (as calculated pursuant to paragraphs 6 and 7, *supra*) under Rule 11(c)(1)(C), to wit one year and one day in prison, followed by a three-year term of supervised release.

9.  **Court Bound to Impose Recommended Sentence**: If the Court accepts this plea agreement, the Court agrees to be bound by the recommended sentence of the parties. Because this agreement is made under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, either party may rescind the agreement and defendant may withdraw her plea if the Court declines to follow the parties' agreement or recommendations.

10. **Restitution**: The recommendations described in paragraphs 7–8, *supra*, are also conditioned upon defendant's agreement to restitution and compliance with Title 18, United States Code, Section 3664(d)(3) (financial affidavit, Mandatory Victims Restitution Act).

    **A. Disclosure of Financial Information:** Defendant agrees fully to disclose all assets in which she has any interest or over which she exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the

financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, to sign that form under penalty of perjury, and to provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.

      **B. Credit Report:** Defendant expressly authorizes the USAO to obtain a credit report on her. Defendant agrees to provide waivers, consents, and releases as requested by the USAO to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

      **C. Potential Breach:** Defendant's failure timely and accurately to complete and to execute the financial statement as described in subparagraph A, *supra*, as well as any update thereto, may constitute a failure to accept responsibility under USSG § 3E1.1 and be deemed a material breach of this agreement.

      **D. Transfer of Assets:** Prior to sentencing, defendant agrees to notify the Financial Litigation Unit of the USAO before the defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships and corporations.

      **E. Restitution Amount:** Defendant expressly agrees, pursuant to 18 U.S.C. § 3663(a)(3), to the entry of an order of restitution to the IRS in the amount of **$155,670**.

      **F. Restitution Schedule:** The Court shall order restitution to all victims in the full amount of their losses as required by law and determined by the Court. Defendant agrees that, while the Court sets the payment schedule, this schedule may be exceeded whenever defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the United States may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

11.    **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence exceeding the advisory guideline sentencing range as calculated by the district court at sentencing. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any

collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Defendant expressly agrees that this waiver shall remain effective in the event that the USAO alters its sentencing recommendation as provided in paragraphs 7-8, *supra*, or if defendant breaches this agreement as described in paragraph 13, *infra*.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR-writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13. **Breach of Plea Agreement**: It is expressly understood and agreed by the parties that, in addition to any violation of the terms herein stated, it shall constitute a material breach of this Plea Agreement by defendant if there is probable cause to believe that she, after executing this agreement, commits any new crime that could result, upon conviction, in a countable sentence as contemplated in USSG § 4A1.2(a)(4) (whether or not such crime actually gives rise to new charges).

If defendant breaches this agreement, the USAO shall be relieved of any obligation under this agreement, specifically including the obligations to forgo additional charges and to make the recommendations provided for in paragraphs 7-8, *infra*, but defendant may not for that reason withdraw any guilty plea or her waiver of appeal and post-conviction relief as described in paragraph 11, *supra*.

14. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

(Continued on next page.)

15.  **Deadline**: This plea offer expires if not accepted by August 21, 2015, at 5:00 p.m.

Very truly yours,

S. AMANDA MARSHALL
United States Attorney

*Ryan Wesley Bounds*

RYAN W. BOUNDS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

9/1/15
Date

Tiairre Travonne Chaney
Defendant

I am legal counsel for defendant. I have carefully reviewed and discussed every part of this plea offer with defendant. To my knowledge defendant's decisions to accept this agreement and to plead guilty are informed and voluntary ones.

9/1/15
Date

Christopher J. Schatz, Esq.
Attorney for Defendant